UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA J., | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-cv-1016-B |
| | § | |
| ANDREW SAUL, Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
|    Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Amanda J. seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's final decision to deny her disability insurance benefits. For the reasons set forth below, the Court **REVERSES** the decision and **REMANDS** this case for further administrative proceedings.

### I.

### BACKGROUND

Plaintiff, a former library assistant, applied for disability insurance benefits with the Social Security Administration (SSA) in August of 2015. Doc. 7-1, Administrative R. (hereinafter "A.R."), 171, 202.[1] In her application, Plaintiff explained that her depression and anxiety have inhibited her ability to work since September 1, 2013. *Id.* at 191. Further, she expressed that these illnesses affect her memory, as well as her ability to complete tasks and get along with others. *Id.* at 218. After her

---

[1] When citing to the administrative record, the Court uses the "PageID" page numbers automatically generated by the Electronic Filing System.

application for disability insurance benefits was denied initially and on reconsideration, *id.* at 90, 98, Plaintiff requested a hearing before an administrative law judge (ALJ), and this hearing took place on June 7, 2017. *Id.* at 57, 111.

Following the hearing, the ALJ concluded that Plaintiff was not disabled from September 1, 2013 through June 30, 2014—the date she was last insured. *Id.* at 26. After describing some of the evidence submitted by Plaintiff, including evidence that Plaintiff's "body mass index ranged over 50," the ALJ found that Plaintiff had one severe impairment—obesity. *Id.* at 28–29. With respect to Plaintiff's anxiety and depression, however, the ALJ concluded that these impairments were "nonsevere," though he noted Plaintiff had a "mild limitation" in "interacting with others." *Id.* at 29–30. Thereafter, the ALJ turned to the determination of Plaintiff's residual functional capacity (RFC). *Id.* at 31.

Accounting for Plaintiff's obesity, the ALJ found that Plaintiff had the RFC to "perform light work . . . in that she can lift and/or carry 20 pounds occasionally, lift and/or carry 10 pounds frequently, stand/walk for 6 hours in an 8-hour workday, and sit for 6 hours in an 8-hour workday." *Id.* at 31–32. Further, the ALJ explained that Plaintiff "can occasionally climb ramps/stairs, stoop, kneel and crouch, but should avoid crawling or climbing ladders, ropes or scaffolds," as well as "concentrated exposure to heat." *Id.* at 31. Based on this RFC determination, the ALJ concluded that Plaintiff could perform her past work as a library assistant and thus was not disabled. *Id.* at 32–33. Plaintiff appealed the ALJ's decision to the Appeals Counsel, which affirmed. *Id.* at 11–12, 15.

Thereafter, Plaintiff filed this action in federal district court. *See generally* Doc. 1, Compl. The case was automatically referred to Magistrate Judge Horan, who ordered the parties to brief the

alleged errors raised by Plaintiff. Doc. 8, Order Directing Filing of Brs., 2. Subsequently, the Court withdrew the reference of the proceeding to Magistrate Judge Horan. Doc. 18, Order Withdrawing Reference, 1. As the Court has received all briefing on Plaintiff's claims, they are now ripe for review.

In her brief, Plaintiff claims the ALJ erred in his RFC determination by: (1) "independently deciding the limiting effects of [Plaintiff's] extreme obesity on her ability to work without the benefit of any medical opinion," Doc. 13, Pl.'s Br., 8; (2) neglecting to mention a medical opinion from Plaintiff's treating psychiatrist, *id.* at 14; and (3) including several other "mistakes" and "contradictions" in the RFC, *id.* at 1.

As explained below, the Court concludes that Plaintiff's second claimed error—the ALJ's failure to mention a medical opinion from Plaintiff's psychiatrist—warrants remand of this case to the SSA.

## II.

## LEGAL STANDARD

Judicial review in social security cases is limited to two determinations: "(1) whether the decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see* 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Copeland*, 771 F.3d at 923. The Commissioner—not the Court—resolves any conflicts in the evidence. *Martin v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citation omitted). Accordingly, the Court must not substitute its own judgment for that of the Commissioner's, and the

Court "may affirm only on the grounds that the Commissioner stated for his decision." *Copeland*, 771 F.3d at 923 (citation omitted).

"[T]o qualify for disability insurance benefits . . . , a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" § 423(d)(1)(A).

The ALJ performs a "five-step sequential analysis" when evaluating a disability claim. *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). These five steps include determinations of:

> [W]hether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Id.* at 447–48. "In its transition from steps three to four, the ALJ determines the claimant's [RFC] . . . ." *Beene v. McMahon*, 226 F. App'x 348, 349 (5th Cir. 2007) (per curiam). The RFC is "a determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez*, 415 F.3d at 462 (citing 20 C.F.R. § 404.1545).

### III.

### ANALYSIS

Among other issues, Plaintiff contends that the ALJ erred in determining Plaintiff's RFC by failing to account for the medical opinion of Dr. Dhiren Patel, D.O., Plaintiff's treating psychiatrist.

Doc. 13, Pl.'s Br., 14.[2] Before the hearing, Plaintiff explains, Dr. Patel "prepared a medical opinion addressing how Plaintiff's mental illnesses affect her ability to work." *Id.* In this opinion, titled "Medical Assessment of Ability to Do Work-Related Activities (Mental)," Dr. Patel rated Plaintiff's mental ability to perform several activities on a scale from "None" to "Unlimited or Very Good." A.R., 528. Plaintiff emphasizes that Dr. Patel found that Plaintiff functioned poorly in several of the categories, yet "[n]one of the listed mental limitations appears in the ALJ's RFC determination." Doc. 13, Pl.'s Br., 14–15.

Though Plaintiff concedes that an ALJ may discount a treating physician's medical opinion, Plaintiff contends that an ALJ may do so only if he explicitly addresses the opinion, explains the weight afforded the opinion, and provides an explanation for that weight. *Id.* at 16 (citing *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017) and SSR 96-8p, 1996 WL 374184 (July 2, 1996)).

Here, Plaintiff argues, the ALJ wholly failed to address Dr. Patel's opinion. *Id.* at 17. And this failure, according to Plaintiff, precludes the Court from "meaningfully review[ing]" the ALJ's decision, thereby warranting remand to the SSA. *Id.*

In response, Defendant first points out that Dr. Patel's omitted opinion was from 2017, whereas the relevant time period for the ALJ's determination of Plaintiff's disability was from 2013 to 2014. Doc. 14, Def.'s Resp., 7. Though Defendant acknowledges that retrospective opinions can prove a disability, Defendant points to case law stating that such an opinion must specifically refer to the relevant time period. *Id.* (citing *McLendon v. Barnhart*, 194 F. App'x 430, 432 (5th Cir. 2006) (per curiam)). Dr. Patel's 2017 opinion, Defendant states, fails to do so. *Id.* In conjunction with this

---

[2] Defendant does not dispute that Dr. Patel is a treating physician of Plaintiff. *See* Doc. 14, Def.'s Resp., 7.

argument, Defendant points to other evidence in the record from the relevant time period that, according to Defendant, contradicts Dr. Patel's 2017 opinion. *Id.* at 7–8.

Additionally, Defendant emphasizes that Dr. Patel's 2017 opinion "consisted of checked boxes without additional explanation." *Id.* at 8. This "[c]heckbox opinion[]," Defendant asserts, can be "properly discounted" due to its conclusory nature. *Id.*

As explained below, the Court holds that the ALJ erred in failing to mention Dr. Patel's 2017 opinion, and this error calls for remand to the SSA.

A.  *The ALJ Erred by Failing to Weigh or Mention Dr. Patel's 2017 Opinion.*

First, the Court turns to whether the ALJ erred by failing to address Dr. Patel's 2017 opinion. In *Kneeland*, the Fifth Circuit explained that an ALJ commits error when he fails to address or mention a medical opinion—irrespective of whether the ALJ could have rejected it. *See* 850 F.3d at 759–61 (citing, *inter alia*, 20 C.F.R. § 404.1527(b)). The court distinguished between: (1) an ALJ's total failure to address a medical opinion, and (2) an ALJ's decision to reject or discount a medical opinion. *Id.* at 761. In the former situation, though it is "possible the ALJ considered and rejected" the medical opinion, a reviewing court has "no way of knowing" absent some sort of explanation. *Id.* at 762. Thus, the failure to address a medical opinion constitutes a failure to comport with applicable legal standards. *See id.*; *see also Wilkerson v. Berryhill*, 2017 WL 1091601, at *6 (N.D. Tex. Mar. 23, 2017) ("[T]he ALJ's failure to discuss [a medical opinion] concerning [the plaintiff's] work limitations is an error of law in and of itself."); *Peacock v. Astrue*, 2012 WL 1003776, at *4 (N.D. Tex. Mar. 26, 2012) (concluding that although the ALJ rejected some opinions from a doctor, the ALJ's failure to mention two medical assessments by the doctor constituted error); *Trussell v. Comm'r of SSA*, 2012 WL 692055, at *9 (N.D. Tex. Feb. 14, 2012), *R.& R. adopted by* 2012 WL 697009

("[T]he Court finds that the ALJ should have explained the weight he gave to [medical source statements] and that failure to do so was error.").[3]

Here, the ALJ erred by failing to even mention Dr. Patel's 2017 opinion. Though the ALJ referred to specific records from Dr. Patel's psychiatric practice, *see* A.R., 29, his decision makes no reference to Dr. Patel's 2017 medical opinion, which rated Plaintiff's mental abilities. *See id.* at 26–33 (ALJ's decision); *id.* at 528–30 (Dr. Patel's 2017 opinion). Indeed, Defendant appears to concede that the decision omits any reference to the opinion. *See* Doc. 14, Def.'s Resp., 7 ("The Commissioner submits that the failure to address this opinion does not warrant remand."). By neglecting to mention Dr. Patel's 2017 opinion, the ALJ erred. *See, e.g.*, *Kneeland*, 850 F.3d at 761.

Further, Defendant's arguments to the contrary are unavailing. As mentioned above, Defendant offers two post-hoc justifications for discounting Dr. Patel's 2017 opinion: (1) it is outside of the relevant time period, and (2) it is a mere checkbox opinion. Doc. 14, Def.'s Resp., 7–8. But the Court cannot evaluate the merits of these arguments, as "[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citations omitted). While the fact that Dr. Patel authored the opinion after the relevant time period may provide the ALJ a basis for discounting the opinion, the ALJ did not provide any explanation of whether he discounted it. Likewise, though the ALJ may conclude that the checkbox nature of the opinion renders it unreliable, he failed to explain this. *See Gittens v. Astrue*, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("While on remand, an ALJ

---

[3] Since Plaintiff's claim was filed, the SSA has "changed its regulations so that ALJs are no longer required to assign each medical opinion a weight[.]" *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520c(a)). But because Plaintiff filed her claim before March 27, 2017, *see* A.R., 26, the Court applies the rules of § 404.1527. *See* § 404.1520c.

may find that the checklist is inconsistent with other medical evidence, but that determination must be made by the ALJ, not the court."); *cf. DeJohnette v. Berryhill*, 681 F. App'x 320, 321–22 (5th Cir. 2017) (per curiam) (concluding that the ALJ was within its discretion to afford, as the ALJ stated, "little weight" to a medical opinion consisting of a "single box on a single form"); *Dodson v. Berryhill*, 2018 WL 1157781, at *4 (N.D. Tex. Feb. 12, 2018) (holding that "the ALJ did not err in choosing to assign little weight to" checkbox opinions). Accordingly, the Court holds that the ALJ erred by failing to address Dr. Patel's 2017 opinion.

B.  *The ALJ's Error Warrants Remand to the SSA.*

Having concluded that the ALJ erred, the Court must decide whether the error warrants remand. Defendant maintains that even if the ALJ was supposed to address the weight given to Dr. Patel's 2017 opinion, this error is harmless because the ALJ considered medical records for the relevant time period, and they did not support a disability finding. Doc. 14, Def.'s Resp., 8–9.

The Court disagrees. "Failure to explain the rejection of a medical opinion justifies a remand." *Winston*, 755 F. App'x at 398 (citing *Kneeland*, 850 F.3d at 762). "This is because . . . such an error makes it impossible to know whether the ALJ properly considered and weighed [the] opinion, which directly affects the RFC determination." *Kneeland*, 850 F.3d at 762. Thus, given the ALJ's failure "to articulate any reason for rejecting the opinion[] of a treating physician, remand is required." *Peacock*, 2012 WL 1003776, at *4 (citations omitted).

Accordingly, the Court **REMANDS** this case to the SSA for further proceedings consistent with this Order.[4]

---

[4] Because the Court remands based on this error, and the determination of Plaintiff's RFC on remand may affect the remaining issues raised by Plaintiff, the Court declines to address these issues. Additionally, by remanding this case, the Court makes no judgment as to the weight that should be given to Dr. Patel's

## IV.

## CONCLUSION

For the reasons explained above, the Court **REVERSES** Defendant's decision and **REMANDS** this case to the SSA for further proceedings consistent with this Order.

SO ORDERED.

SIGNED: August 13, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

2017 opinion, nor does the Court suggest that Plaintiff should be deemed disabled.